UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23504-GAYLES/OTAZO-REYES

**BAL HARBOUR SHOPS, LLC,**
**a Delaware limited liability company**,

 Plaintiff,

v.

**SAKS FIFTH AVENUE LLC,**
**a Massachusetts limited liability company**,

 Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Saks Fifth Avenue LLC's Motion to Compel Arbitration (the "Motion") [ECF No. 3]. The Court has reviewed the Motion and the record, heard oral argument on November 23, 2020, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## BACKGROUND

The instant motion derives from a dispute over a lease agreement between the parties. Plaintiff Bal Harbour Shops, LLC ("Bal Harbour"), and Defendant Saks Fifth Avenue LLC's ("Saks Fifth Avenue"), entered into a lease agreement (the "Original Lease") for certain premises in the Bal Harbour Shops located in Miami-Dade County. The Original Lease contains an arbitration mechanism applicable to, for example, events of default. *See* [ECF No. 11-1 at 64, 74]. In 2018, the parties amended the Original Lease (the "2018 Amendment"), which referred to the Original Lease and all subsequent modifications collectively as the "Lease", *see* [ECF No. 11-3 at

2], and made clear that it was entered into between the parties, [ECF No. 11-3]. Section 9 of the 2018 Amendment revised the remedies available to either party if a party violates an obligation under the Lease. *See id.* at 24.

Beginning in March 16, 2020, Saks Fifth Avenue defaulted on the Lease. After unsuccessful demands for payment, Bal Harbour terminated the Lease on August 17, 2020. The next day, Saks Fifth Avenue filed a demand for arbitration in accordance with the terms of the Original Lease. [ECF No. 3-1]. On August 19, 2020, Bal Harbour filed an action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which Saks Fifth Avenue later removed on diversity grounds pursuant to 28 U.S.C. § 1332. [ECF No. 1]. On August 25, 2020, Saks Fifth Avenue filed the instant Motion requesting the Court to compel arbitration under the Original Lease. The parties dispute whether the Original Lease's arbitration mechanism applies, or whether Section 9 of the 2018 Amendment supersedes.

## LEGAL STANDARD

The Federal Arbitration Act, 9 U.S.C. §§ 1–16, generally governs the validity of an arbitration agreement. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (citation omitted). When reviewing a motion to compel arbitration, the district court must consider whether: (1) "a valid agreement to arbitrate exists"; (2) "an arbitrable issue exists"; and (3) "the right to arbitrate was waived." *Gomez v. Allied Pros. Ins. Co.*, 457 F. Supp. 3d 1351, 1356–57 (S.D. Fla. 2020) (citations omitted). In determining the validity of an arbitration agreement, district courts should generally decide "certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003).

## ANALYSIS

Saks Fifth Avenue cannot establish that a valid arbitration agreement exists between the parties. While the Original Lease contained a valid arbitration agreement, Section 9 of the 2018 Amendment clearly nullifies the arbitration agreement. Section 9 contains broad and unambiguous language stating that:

> Except as provided in Section 6(A)vii of this Expansion Amendment, if either Landlord or Tenant violate any obligation . . . under the Lease, *as modified hereby*, *then notwithstanding anything contained in the Lease*, the other party shall be entitled to all remedies available under the Lease and in law or equity, including, without limitation, the right to bring an action for money damages . . . .

[ECF No. 11-3 at 24] (emphasis added). The plain language in the 2018 Amendment makes clear that the parties intended to nullify the arbitration provision in the Original Lease. Notably, Section 9 of the 2018 Amendment contains a specific situation, which does not apply here, where arbitration would apply. Therefore, no valid arbitration agreement exists between the parties for this rent dispute, and the Motion is denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Saks Fifth Avenue LLC's Motion to Compel Arbitration, [ECF No. 3], is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 17th day of December, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE